AO 472 (Rev. 09/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><u>James Robert Mills, Jr.</u><br>*Defendant* | )<br>)<br>) Case No. 22-mj-02257-Torres<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II – Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☒ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☒ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☒ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 09/16) Order of Detention Pending Trial

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III – Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong

☒ Subject to lengthy period of incarceration if convicted

☐ Prior criminal history

☐ Participation in criminal activity while on probation, parole, or supervision

☐ History of violence or use of weapons

☐ History of alcohol or substance abuse

☐ Lack of stable employment

☐ Lack of stable residence

☐ Lack of financially responsible sureties

☐ Lack of significant community or family ties to this district

☐ Significant family or other ties outside the United States

☐ Subject to removal or deportation after serving any period of incarceration

AO 472 (Rev. 09/16) Order of Detention Pending Trial

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On March 1, 2022, the Court held a hearing pursuant to 18 U.S.C. § 3142(f)(1) and (f)(2), to determine whether the defendant James Robert Mills, Jr. should be detained prior to trial. At that hearing, the Court heard the government's proffer of evidence that on January 31, 2022, in Miami-Dade County, the defendant fired multiple gunshots at a vehicle containing two FBI Task Force Officers, and a Homestead Police Department detective. Specifically, the government proffered the following information:

> On January 31, 2022, at approximately 8:28 PM, two FBI Task Force Officers ("TFOs") assigned to FBI Miami's Homestead Resident Agency and one City of Homestead Police Department ("HPD") Detective were traveling together in an unmarked FBI rented vehicle (the "TFO Vehicle"), while conducting an investigation in the area of 22120 SW 116th Avenue, Miami, Florida. The TFO Vehicle was a white 2022 Jaguar F-Pace. FBI TFO D.I. was driving the vehicle, FBI TFO C.W. was in the front passenger seat, and HPD Detective R.M. was seated in the rear passenger seat.
>
> The TFO Vehicle was driving north along SW 116th Avenue approaching the 22200 block and drove past a parked dark colored Nissan SUV (the "Subject Vehicle"). As the TFO Vehicle passed the Subject Vehicle, TFO D.I. observed the rear driver side window of the Subject Vehicle was rolled down, and HPD Detective R.M. observed a firearm protrude from the window of the Subject Vehicle. Detective R.M. exclaimed, "Gun! Gun!" and immediately afterwards multiple gunshots were fired at the TFO Vehicle from the Subject Vehicle. TFO D.I. accelerated, and another burst of gunshots was fired from the Subject Vehicle. TFO D.I. took evasive action, turning on multiple streets to escape the gunfire and requested emergency backup via the police radio. When additional law enforcement officers arrived in the area, the Subject Vehicle was no longer at the scene.
>
> The neighborhood where the shooting took place is equipped with Shot Spotter technology, which documents the presence of gunshots. At approximately 8:28 PM a burst of ten (10) shots was detected, followed five seconds later by a burst of twelve (12) shots. The second burst of twelve (12) shots was also identified as being on the move southbound at twenty-seven miles per hour along with the possible presence of multiple shooters.
>
> A visual inspection of the TFO Vehicle revealed a minimum of two holes in the vehicle which appeared to be bullet projectile strikes.
>
> The scene was processed by the Miami-Dade Police Department (MDPD) Crime Scene Investigations Section (CCIS). Preliminary findings from scene processing revealed approximately twenty-four (24) 9-mm casings and one (1) projectile recovered. None of the victims discharged their firearms.
>
> After the incident, TFO D.I. contacted a Confidential Informant (the "C.I.") to inquire about the shooting. The C.I. told TFO D.I. that an individual who goes by the street name of "B" was the shooter. TFO D.I. is familiar with "B" and after being provided the street name "B" from the C.I., TFO D.I. realized "B" is the suspect he saw in the rear seat of the

AO 472 (Rev. 09/16) Order of Detention Pending Trial

Subject Vehicle. The C.I. further disclosed his belief that "B" was with a close associate known by the street name of "S" (abbreviated nickname).

Law enforcement was aware of both "B" and "S" and determined the true name of "B" to be James Robert Mills, Jr., and the true name of "S" to be John Doe ("Doe"). TFO D.I. was shown a photograph of the defendant and identified him as the person he observed in the backseat of the Subject Vehicle before the shooting.

During the two weeks following the shooting, the government obtained search warrants for historical and prospective cell site information for the cell phone number (786) 366-6670, which the C.I. had disclosed as the number for the defendant's cell phone. Cell site information for the defendant's phone showed the defendant was in the vicinity of the shooting at the time it occurred, and that he was staying at Doe's residence in Miami, Florida.

On February 16, 2022, law enforcement executed a search warrant for Doe's residence, which was issued by Magistrate Judge Chris M. McAliley. The defendant, Doe, and two other individuals, were in the residence at the time of the search. Among other things, law enforcement found a Glock 17, 9 mm pistol, with an extended magazine, concealed in the attic of the residence. The firearm was loaded, and the magazine contained approximately 24 rounds of 9 mm ammunition.

On February 16, 2022, at the Doe residence, the defendant agreed to speak with law enforcement. Law enforcement transported the defendant from the Doe residence to the FBI's Homestead Resident Agency, where he waived his Miranda rights and agreed to be interviewed by agents. During his interview, the defendant admitted that on January 31, 2022, he was sitting in the rear passenger seat of the Subject Vehicle, he had a firearm, and he fired gunshots at TFO Vehicle. The defendant stated that he shot at the TFO Vehicle because he believed that the persons in the vehicle were rival gang members, and that they were going to shoot at him. He admitted to firing 12 to 13 rounds at the TFO Vehicle. The defendant also admitted that he hid the firearm he used in the shooting, in the attic of the residence.

The government proffered that the defendant is facing charges of attempted murder, in violation of U.S.C. §§ 1114(3) and 1113, forcible assault with a deadly and dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b), and three counts of using a firearm during and in relation to a crime of violence, in violation of U.S.C. § 924(c)(1)(A)(iii). The government proffered that if the defendant is convicted on these charges, he will be subject to mandatory minimum terms of ten years' imprisonment on each of the Section 924(c)(1)(A) counts, each of which must be consecutive to all other sentences. The government further proffered that the advisory guideline range for the non-924(c) counts may be as high as 100 months' imprisonment, so that the defendant is facing a sentence of more than 30 years' imprisonment if convicted.

Having considered the evidence and arguments of counsel presented at the hearing, the Court finds, by clear and convincing evidence, that the defendant poses a danger to the community because of his admitted reckless and indiscriminate use of a firearm. This is based upon the defendant's admission that he fired multiple times at a vehicle with passengers. Firing bullets at an occupied vehicle poses a grave danger to the community. Additionally, the Court finds, by a preponderance of the evidence, that the defendant poses a risk of flight and non-appearance if allowed to be out on bond. This is based on the 30-year mandatory minimum term of imprisonment that will be imposed on the defendant if he is convicted of three violations of 18 U.S.C. § 924(c)(1)(A)(iii), and the strong evidence against him. Accordingly, the Court finds that there is no condition or combination of conditions that can reasonably assure the defendant's appearance and the safety the community, and the defendant is ordered detained pending trial.

AO 472 (Rev. 09/16) Order of Detention Pending Trial

## Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   3/1/2022

_____
United States Magistrate Judge